**BEVANDER COAL COMPANY, Appellant,**

v.

**Bert MATNEY, Appellee.**

Court of Appeals of Kentucky.

Jan. 23; 1959.

O. T. Hinton, Hinton & May, Pikeville, for appellant.

V. R. Bentley, Pikeville, for appellee.

CLAY, Commissioner.

Plaintiff appellant, Bevander Coal Company, brought this action against defendant Matney to enjoin him from interfering with the plaintiff's mining of coal and to recover damages for such interference. Defendant counterclaimed for damages to the surface of the land. The court submitted to a jury only the issue of damages suffered by defendant, and he was awarded about $400. Both parties appeal.

Defendant owned the surface of a 25 acre tract. Plaintiff was the lessee of the

owner of the minerals. The original deed severing the surface and the minerals granted extensive rights to the mineral owner. The deed also contained a broad waiver provision relieving the mineral owner of liability for damages.

When plaintiff undertook auger mining on the tract, it destroyed some of defendant's fencing, a number of trees, and caused other types of damage. The defendant tried to prevent plaintiff from mining on this tract and the operation was held up approximately two weeks.

In plaintiff's complaint it requested a restraining order and a permanent injunction against the defendant to prevent interference with its operation. The circuit court issued a restraining order. On defendant's motion to dissolve, the order was continued and remained in effect until the entry of the final judgment. A permanent injunction was denied, apparently on the ground that the mining activity had been completed and no further relief of this nature was necessary. The trial court did not submit to the jury plaintiff's claim for damages by reason of the defendant's interference with the mining operation.

On this appeal plaintiff contends that the court erred in not granting a permanent injunction and not allowing it a recovery of damages. Defendant's appeal is based on the ground that the court should have allowed him additional damages on the theory that plaintiff's mining operation was unreasonable.

The case of Buchanan v. Watson, Ky., 290 S.W.2d 40, which involved a similar mineral deed, is decisive of the rights of defendant to additional damages. (Plaintiff raises no question on this appeal about the $400 damages awarded defendant.) Any claim of the defendant for additional damages must be grounded upon oppressive, arbitrary, wanton, or malicious acts of the plaintiff. Defendant's proof failed to establish such a basis for his claim, and we must affirm on his cross-appeal.

The finding of the trial court that the permanent injunction asked by plaintiff would not serve any useful purpose is not shown to be erroneous. The injunction for which plaintiff contends on this appeal is not the one requested in the prayer of its complaint. The judgment in this respect must be likewise affirmed.

It is established by the record that the defendant wrongfully interfered with plaintiff's mining operation, and the trial court recited in its judgment that the restraining order was properly granted. Plaintiff introduced evidence of damages. We are of the opinion that the issue of the amount of damages suffered by the plaintiff should have been submitted to the jury. The judgment must be reversed for a new trial on this sole issue.

The judgment is reversed on the original appeal for consistent proceedings, and is affirmed on the cross-appeal.